IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY STARK,

Plaintiff,

v. Case No. 1:17-cv-64-MW-GRJ

LEVY COUNTY SHERIFF, et al.,[1]

Defendants.
_____________________________/

**ORDER & REPORT AND RECOMMENDATION**

This matter is before the Court on ECF No. 5, Plaintiff's amended complaint, and ECF No. 6, Plaintiff's letter to the Court.

Plaintiff, a *pro se* non-prisoner litigant, initiated this case on March 13, 2017, by filing ECF No. 1, a civil rights complaint. He was subsequently granted leave to proceed as a pauper. (ECF No. 4.)

Pursuant to the Court's screening obligation under 28 U.S.C. § 1915(e),[2] the Court determined Plaintiff's claims were not cognizable under

---

[1] Although Plaintiff's case caption names the Levy County Sheriff's Office, it is clear that he intends to sue the Sheriff of Levy County. *See* ECF No. 5 at 3. The **Clerk** is directed to correct the docket accordingly.

[2] A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not

42 U.S.C. § 1983 because Plaintiff sought to challenge his February 11, 2015 conviction and sentence. (ECF No. 4.) The Court explained that because the only relief Plaintiff sought was from his underlying conviction or sentence, the only way to obtain that relief was by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*Id.*) The court further noted that although Plaintiff sought monetary damages for his alleged unlawful arrest (which led to his conviction and sentence), Plaintiff's claim was nothing more than conclusory and likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] (*Id.*) Finally, Plaintiff also failed to state a claim for relief against the two named Defendants—the Levy County Sheriff's Office and the Levy County Board of County Commissioners—because the Sheriff's Office is not a legal entity subject to

---

state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937*).* The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).

[3] Under *Heck,* state prisoners are barred from pursuing § 1983 actions that, if successful, would necessarily imply the validity of a plaintiff's conviction. 512 U.S. at 477. In considering whether a § 1983 claim is *Heck*-barred, the Court must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction. *See Edwards v. Balisok*, 520 U.S. 642, 646–48 (1997). If the factual basis of the plaintiff's civil case is "inconsistent with [his] convictions having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

suit under § 1983 and Plaintiff made no allegations even related to the Board of County Commissioners. (*Id.*) Accordingly, the Court directed Plaintiff to file an amended complaint by April 5, 2017. *(Id.*)

Plaintiff has now filed his amended complaint. (ECF No. 5.) As Defendants he names (1) the Levy County Sheriff, and (2) the Levy County Court System (including the judges, state attorneys, and public defenders). Plaintiff says his criminal charges and case should be dismissed with prejudice for the following reasons. First, the information filed on November 25, 2014, charged Plaintiff with the wrong offense—Fla. Stat. § 800.04(7)(c). Second, on February 11, 2015, Plaintiff entered a plea to that charge and was illegally sentenced. Third, after serving his term of imprisonment, an unopposed motion to vacate his plea was filed and Plaintiff signed a new plea agreement. Although the new plea agreement had the correct offense—Fla. Stat. § 800.04(7)(b)—Plaintiff says he was subjected to double jeopardy. Specifically, Plaintiff argues it is the same charge that he originally pled to because the charge was simply changed from subsection (7)(c) to (7)(b). Fourth, the state attorney assigned to Plaintiff's case and Plaintiff's public defender made various errors in his case. (*Id.*)

As the Court previously informed Plaintiff, his claims are not

cognizable under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Section 1983 is the proper avenue to assert a civil rights action challenging the conditions of confinement or other constitutional violations. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Section 1983 does not, however, provide an avenue of relief for challenges to the fact of confinement (i.e., the conviction), nor does it provide relief for an imposed sentence. *Id.* Likewise, § 1983 is not the proper avenue to assert claims of ineffective assistance of counsel. *Gardner v. Luckey*, 500 F.2d 712, 714 (5th Cir. 1974) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973)).

Instead, where a litigant challenges his underlying state conviction and sentence, including probation conditions, the proper avenue of relief is a habeas corpus proceeding under 28 U.S.C. § 2254. As the Eleventh Circuit has explained,

> [a] prisoner convicted and sentenced under state law may seek federal relief in two primary ways: (1) a petition for habeas corpus, 28 U.S.C. § 2254, or (2) a complaint under 42 U.S.C. § 1983. *. . . .* These two avenues of relief are mutually exclusive. If a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights complaint. *Id.* The

> line of demarcation between a § 1983 claim and a § 2254 habeas claim is based on how the claim relates to a prisoner's conviction or sentence. . . . . "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." . . . . Thus, declaratory or injunctive relief claims that challenge the validity of the prisoner's conviction or sentence and seek release are cognizable only through a § 2254 petition, and not under § 1983.

*Wells v. Attorney Gen., Fla.*, 470 F. App'x 754, 755 (11th Cir. 2012) (internal citations omitted).

Section 2254 applies to "a person in custody pursuant to the judgment of a State court . . . in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Section 2254's "in custody" requirement may be met where a petitioner is on probation, parole, or bail. *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982). A former prisoner who remains subject to the terms of his sex offender probation is "in custody" for purposes of the federal habeas statute. *Hamner v. Deputy Secretary of the Fla. Dep't of Corrections*, 468 F. App'x 875, 877 n.1 (11th Cir. 2011) (citing *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963)).

A review of PACER reveals, however, that Plaintiff previously filed a § 2254 petition based on, what appears to be, the same underlying conviction regarding the instant complaint. *See Stark v. Jones*, No. 1:16-

cv-057-MP-EMT (N.D. Fla. Mar. 9, 2016). That petition was denied on December 7, 2016. *Id.*, ECF Nos. 27–28.

In order to file a second or successive § 2254 petition a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255). Thus, Petitioner would first be required to obtain authorization from the Eleventh Circuit prior to filing his petition in this Court.

A review of the Eleventh Circuit Court of Appeals Docket indicates, however, that Petitioner has not obtained authorization from the Eleventh Circuit to file a successive § 2254 petition. Accordingly, even construed as a habeas petition, the Court has no other alternative but to dismiss the instant petition for lack of jurisdiction. *See McCallum v. McDonough*, 257 F. App'x 157, 159 (11th Cir. 2007) (reiterating that a district court lacks

jurisdiction under the Antiterrorism and Effective Death Penalty Act (AEDPA) to consider a second or successive habeas petition that has not been previously authorized to be filed by an appellate court pursuant to § 2244(b)(3)(A)) (citing *Hill v. Hooper*, 112 F.2d 1088, 1089 (11th Cir. 1997)).

Finally, in his letter to the Court, Plaintiff says he cannot afford counsel and does not know how to file things. (ECF No. 6.) He requests a hearing on his case and believes his criminal case, upon which the instant civil rights case is based, should be overturned, thrown out, or dismissed. The Court construes his letter as a motion for appointment of counsel and a motion for an evidentiary hearing.

A plaintiff in a civil case has no constitutional right to counsel. Moreover, the Court does not have authority pursuant to 28 U.S.C. § 1915 to require an attorney to represent an indigent litigant. *See Mallard v. The United States District Court for the S.D. Iowa*, 490 U.S. 296, 301–02 (1989). Only exceptional circumstances warrant appointment of counsel, such as where the legal issues are so novel or complex as to require the assistance of a trained practitioner. *Bass v. Perrin*, 170 F.3d 1320 (11th Cir. 1999); *Fowler v. Jones*, 899 F.2d 1088 (11th Cir. 1990).

There are currently no exceptional circumstances to merit the appointment of counsel in this case. The difficulties presented to the *pro se*

Plaintiff are typical of those difficulties experienced by other *pro se* litigants in § 1983 actions. Moreover, in light of the undersigned's recommendation that this case be dismissed, there is also no need for an evidentiary hearing. Plaintiff's requests for counsel and an evidentiary hearing are therefore due to be denied.

Accordingly, upon due consideration it is **ORDERED** that Plaintiff's letter, construed as a motion for appointment of counsel and an evidentiary hearing, ECF No. 6, is **DENIED**; and

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended complaint, ECF No. 5, should be **DISMISSED**.

**DONE AND ORDERED** this 23rd day of March, 2017.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge